## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE GREEN | : | |
| 7915 Pickering St. | : | CIVIL ACTION |
| Philadelphia, PA 19150 | : | |
| | : | CASE NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| CONGREGATION OF THE MISSION OF | : | |
| ST. VINCENT DE PAUL IN | : | |
| GERMANTOWN, D/B/A ST. VINCENT'S | : | |
| SEMINARY | : | |
| 500 East Chelten Ave. | : | |
| Philadelphia, PA 19144 | : | |
| | : | |
| Defendant | : | |
| | : | |

### CIVIL ACTION COMPLAINT

Plaintiff, Christine Green (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby complains as follows against Congregation of the Mission of St. Vincent De Paul in Germantown, D/B/A St. Vincent's Seminary (hereinafter referred to as "Defendant"), and avers as follows:

### INTRODUCTION

1.    Plaintiff initiates the instant action to redress violations by Defendant of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), 42 U.S.C. Section 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq.*), the Pennsylvania Human Relations Act ("PHRA")[1] and the Philadelphia Fair Practices

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the Title VII, Section 1981 and the ADEA.

Ordinance[2], and the Pennsylvania Wage Payment Collection Law ("WPCL") (43 P.S. 260.3(a)-(b)). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.     This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where they are subject to personal jurisdiction, rendering Defendant a citizen of the Eastern District of Pennsylvania.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").

---

[2] Plaintiff will move to amend his instant lawsuit to include a claim under the Philadelphia Fair Practices Ordinance once her administrative remedies are fully exhausted with the Philadelphia Commission on Human Relations. Any claims under the Philadelphia Fair Practices Ordinance would mirror the Section 1981, Title VII and ADEA claims identically.

6.      Plaintiff is proceeding herein under the Title VII, 42 U.S.C. § 1981, and the ADEA, and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

7.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.      Plaintiff is an adult individual, with an address as set forth in the caption.

9.      Defendant Congregation of the Mission of St. Vincent De Paul in Germantown, D/B/A St. Vincent's Seminary (hereinafter referred to as "Defendant") is a private, non-profit organization providing religious services to clients, located at the above-captioned address.

10.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff is an African-American (black), sixty-seven (67) year-old female.

13.     Plaintiff was employed with Defendant for approximately thee (3) years as a Certified Nursing Assistant.

14.     While employed with Defendant, Plaintiff was a dedicated and hard-working employee who performed her job well.

3

15.     During Plaintiff's last approximately three months of employment, Plaintiff was indirectly supervised by Ed Hearns (hereinafter "Mr. Hearns") who was the interim Director of Nursing Service.

16.     During Plaintiff approximately last three months of employment she was directly supervised by Stephanie Chesney (hereinafter "Ms. Chesney") whom was hired full-time as a Charge Nurse.

17.     Ms. Chesney is a Caucasian, female.

18.     Once Plaintiff began to be supervised by Ms. Chesney, Plaintiff was subjected to discriminatory treatment by Ms. Chesney due to her race and age.

19.     For example, unlike Plaintiff's younger and non-black employees, Ms. Chesney treated Plaintiff in a rude and condescending manner, spoke to her abruptly, and made up false accusations that Plaintiff, and was not properly completing their job assignments.

20.     Ms. Chesney would have social conversations and be cordial to Plaintiff's, white, younger co-workers, but would not have the same conversations or interactions with Plaintiff or her African-American co-workers.

21.     Ms. Chesney would intentionally fail to inform Plaintiff of certain patient issues from the previous shift, even though she was required to under the policy.  This led to Plaintiff being required to unnecessary and duplicative work.

22.     Although Plaintiff was aware of her job duties, Ms. Chesney would constantly approach Plaintiff and ask her if she had completed certain tasks.  Ms. Chesney knew these tasks were not yet completed, as they were generally scheduled later in Plaintiff's shift, nonetheless, Ms. Chesney would harass Plaintiff about these future tasks.  Each time Plaintiff was following proper

procedure, but it seemed as if Ms. Chesney simply wanted to harass the Plaintiff. Ms. Chesney would not do this to the white, younger employees.

23.     Furthermore, Ms. Chesney would assign the African-American employees tasks that the Caucasian employees were not required to complete.

24.     Additionally, on one occasion when Ms. Chesney was harassing Plaintiff about the tasks she had to complete in the future, Ms. Chesney out of the blue stated "you look young for your age but you still have to complete all your tasks." Plaintiff aware of her responsibilities and always completed her required tasks, so this comment seemed like Ms. Chesney was treating Plaintiff different due to her age.

25.     Ms. Chesney falsely accused Plaintiff and another African-American (male) employee of receiving multiple complaints from patients. Ms. Chesney wrote up a document outlining these alleged complaints.

26.     Plaintiff met with Mr. Hearns and Ms. Chesney about the complaints, and when Ms. Chesney could not explain who made such complaints it was determined they were unfounded. As such, Plaintiff was informed by Mr. Hearns that the document would be destroyed, since it was false.

27.     Due to this treatment, during the last approximate month of her employment with Defendant, Plaintiff complained several times to Mr. Hearns that she was being subjected to discrimination and harassment by Ms. Chesney and she believed it was due to her race and age. Plaintiff requested that this conduct cease.

28.     Mr. Hearns acknowledged Plaintiff's complaints of age and racial discrimination and told Plaintiff that Ms. Chesney would be spoken and/or disciplined for such behavior.

However, following these complaints Plaintiff continued to be subjected to discriminatory and retaliatory treatment.

29.     After Plaintiff complained (about race and age discrimination) to Mr. Hearns on multiple occasions, Mr. Hearns began to ignore Plaintiff and inform her that he no longer wanted to hear of any complaints.

30.     After Plaintiff complained of race and age discrimination, Ms. Chesney began to follow Plaintiff around and nitpick her work performance.  For example, when Plaintiff would finish caring for a patient, Ms. Chesney would immediately check what Plaintiff did and would try to find fault in her work performance.  Ms. Chesney did not follow around and/or nitpick Plaintiff's white and younger co-workers who had not complained.

31.     When nothing was done to address her complaints of race/age discrimination, Plaintiff then complained to Father Greg, who was superior to both Mr. Hearns and Ms. Chesney.

32.     Father Greg informed Plaintiff that another black employee had also complained about Ms. Chesney and that he wanted to set up a meeting between Plaintiff, the other black employee, Mr. Hearns and Ms. Chesney.

33.     Approximately a week later the black male employee was terminated by the Defendant.

34.     Within a couple weeks, on January 23, 2018, Plaintiff was also terminated from Defendant.

35.     Therefore, Plaintiff was never provided with a meaningful meeting to discuss her complaints of race/age discrimination.

36.     Plaintiff had complained about race and age discrimination at least two (2) to three (3) times in the month leading up to her termination.

37.     When Plaintiff was terminated, she was told that she was being terminated due to her unsatisfactory work performance.

38.     However, throughout her three (3) years of employment, Plaintiff's performance was satisfactory and she had never received any discipline.   Therefore, her termination was completely pretextual.

39.     Defendants failed to follow their progressive disciplinary policy, as they terminated Plaintiff without issuing her any discipline.

40.     Upon information and belief Plaintiff was replaced by an individual that was approximately twenty (20) years younger than the Plaintiff.

41.     Plaintiff's termination was completely pretextual as 1) it followed shortly after her complaints of discrimination: 2) her younger non-black co-workers were treated more favorably; 3) she received antagonism following her complaints of discrimination; 4) she was terminated for false reasons and 5) Defendant failed to issue any discipline to Plaintiff prior to her termination.

42.     Furthermore, Plaintiff was informed that she would be paid for any vacation that was unused, but at the end of her employment she was not paid any unused vacation time.

### Count I
### Violations of the Age Discrimination in Employment Act ("ADEA")
### ([1] Age Discrimination & [2] Retaliation)

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Prior to Plaintiff's termination, Plaintiff complained to Defendant's management that she was being discriminated against and harassed because of her age and that she wanted the same to cease.

45.     Plaintiff believes and avers herein that her age and/or her complaints about Defendant's unlawful age discrimination practices was a determinative factor in her termination.

46.     These actions as aforesaid constitute violations of the ADEA.

**Count II**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination & [2] Retaliation)**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     During her period of employment, Plaintiff observed that Ms. Chesney exhibited favoritism towards the non-black employees within his group in comparison to Plaintiff, including but not limited to Defendant's types of questions, frequency of questions, and tone of questions.

49.     Plaintiff also observed that Ms. Chesney exhibited a hostile and antagonistic demeanor towards Plaintiff that she did not exhibit towards the non-black employees within her group under Mr. Hearn's direct supervision.

50.     Plaintiff believes and avers herein that his race and/or his complaints about Defendant's unlawful race discrimination practices was a determinative factor in his termination.

51.     These actions as aforesaid constitute violations of Section 1981.

**Count III**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Racial Discrimination & [2] Retaliation)**

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     Plaintiff also observed that Ms. Chesney exhibited a hostile and antagonistic demeanor towards Plaintiff that she did not exhibit towards the non-black employees within her group under Mr. Hearn's direct supervision.

8

54.     Upon information and belief, Plaintiff was terminated from Defendant because of her race and/or because she complained of racial discrimination to Defendant's management, including but not limited to Mr. Hearns and Father Greg.

55.     Plaintiff believes and avers herein that his race and/or his complaints about Defendant's unlawful race discrimination practices was a determinative factor in his termination.

56.     These actions as aforesaid constitute violations of Title VII.

**Count IV**
**Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")**
**(43 P.S. 260.3(a)-(b))**

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.     Upon Plaintiff's termination, Defendant failed to compensate Plaintiff for vacation/personal days she had accrued (but did not use) during her employment with Defendant.

59.     During Plaintiff's employment, Defendant agreed to pay and/or provide vacation/personal days to Plaintiff. Plaintiff did not utilize these vacation/personal days during her employment with Defendant and to date, Plaintiff has not been paid for said vacation/personal days.

60.     These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded liquidated damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress (upon amendment of Plaintiff's complaint to include his claim under the Philadelphia Fair Practices Ordinance);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  April 25, 2018

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Christine Green | CIVIL ACTION |
| v. | |
| Congregation of the Mission of St. Vincent De Paul in Germantown, d/b/a St. Vincent's Seminary | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.            ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X )

| | | |
|---|---|---|
| 4/25/2018 | _(signature)_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7915 Pickering Street, Philadelphia, PA 19150

Address of Defendant: 500 East Chelten Avenue, Philadelphia, PA 19144

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/25/2018 _____   _____   ARK2484
                              Attorney-at-Law        Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/25/2018 _____   _____   ARK2484
                              Attorney-at-Law        Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

GREEN, CHRISTINE

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

CONGREGATION OF THE MISSION OF ST. VINCENT DE PAUL IN GERMANTOWN, D/B/A ST. VINCENT'S SEMINARY

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1  U.S. Government Plaintiff | X 3  Federal Question *(U.S. Government Not a Party)* |
| 2  U.S. Government Defendant | 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 190 Other Contract | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | | | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | X 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | 462 Naturalization Application | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 465 Other Immigration Actions | | |
| | 448 Education | 540 Mandamus & Other | | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621); 42USC1981; Title VII (42USC2000)

Brief description of cause:
Violations of the ADEA, 42USC1981, Title VII, PHRA, the Phila Fair Practices Ordinance and the PA Wage Payment Collection law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   4/25/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

[Print]   [Save As...]   [Reset]